# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

      v.                                      No. 1:19-cv-1153-WJ-SCY

DOUGLAS LIEN,

      Defendant.

## ORDER DECLINING JUDICIAL APPROVAL OF PARTIES' CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETERY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT DOUGLAS LIEN

THIS MATTER comes before the Court upon Plaintiff's Motion for Entry of Consent Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendant Douglas Lien, individually and d/b/a Westend Investments, filed February 1, 2021 (**Doc. 53**). Having considered the motion and attached proposed Consent Order, the Court has concerns regarding specific provisions of the Consent Order which preclude the Court from granting the motion.

Defendant Lien is alleged to have violated the Commodities Exchange Act, 7 U.S.C. § 6b(a)(1)(A)-(C) (2012), which makes it unlawful to cheat or defraud or attempt to cheat or defraud another person, to willfully make or cause to be made false statements to another person, and to willfully deceive or attempt to deceive another person in connection with commodity futures. The complaint alleges that Mr. Lien was not registered as a trader and persuaded individuals to invest their money with him. In exchange, these "clients" received false accounts statements showing fake profits and management fees Lien charged on those spurious profits.

On November 18, 2020, the parties participated in a Rule 16 Settlement Conference held before Mag. Judge Steven C. Yarbrough. Doc. 50. At that conference, the parties negotiated a settlement of this lawsuit in its entirety, resulting in a stipulated Consent Order, attached to the motion as Exhibit A and for which the parties now seek judicial approval. Distilled to its essence, the Consent Order requires Mr. Lien to pay over $5 million in restitution and over $5 million in civil monetary penalties and permanently enjoins him from trading or entering into transactions involving "commodity interests."

The Court's concerns center on the provisions in the Consent Order calling for this Court's unlimited continuing jurisdiction over this case, regardless of whether it no longer has personal jurisdiction over Mr. Lien.  First, Paragraph 66 of the Consent Order states:

> Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendant to modify or for relief from the terms of this Consent Order.

Doc. 53-1 at 18.  Under this provision, this Court would theoretically exercise jurisdiction over the case *forever—*which the Court is not prepared to authorize.  Second, Paragraph 8 of the Consent Order states that Defendant Lien:

> Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, **even if Defendant Lien now or in the future resides outside the jurisdiction of this Court**. . .

Doc. 53-1 at 3 (emphasis added).   The Court finds it untenable that this Court continue jurisdiction over the matter where there may be no personal jurisdiction over Defendant Lien at some point in time.  The language in the Consent Order in not clear whether Mr. Lien is *expressly waiving* personal jurisdiction for any cases filed in the future. Even so, the Court is not

comfortable with accepting defense waivers that have no connection to a live case or controversy.

Third, the Consent Order contains no conditions precedent for parties seeking judicial intervention for enforcement. There is no provision requiring either party to give notice to the other party of the potential dispute; no procedure parties must follow to attempt self-resolution of the dispute; and no requirement that parties make a diligent effort to do so before turning to the limited judicial resources of this Court, which is burdened with a heavy criminal and civil caseload. The Consent Order is unacceptable on that basis as well.

For these reasons, the Court DENIES Plaintiff's motion without prejudice. Parties may confer and resubmit another version of a proposed Consent Order that does not raise any of the concerns mentioned above and the Court will consider that version on its own merit. Both parties were apparently made aware during settlement negotiations before United States Magistrate Judge Steven C. Yarbrough that the jurisdictional provisions would likely not be accepted by this Court and further agreed that severance of those provisions would not invalidate the remaining provisions of the agreement.

The parties are advised that the Court would be inclined to approve a submitted version of the agreement that excises the jurisdictional provisions, or which provides for a *limited* period of jurisdiction as well as the addition of notice and cure provisions parties must follow before attempting to seek redress from this Court. The Court suggests that the parties consider enlisting

the guidance of Magistrate Judge Yarbrough in order to more fully explain the Court's concerns and to resolve these issues with minimum time and maximum efficiency. To this end, the matter is referred to Judge Yarbrough so that he may inquire as to whether the parties would be interested in proceeding with further negotiation on those issues.

    **IT IS SO ORDERED**.

                                                WILLIAM P. JOHNSON
                                                CHIEF UNITED STATES DISTRICT JUDGE